873 So.2d 939 (2004)
STATE of Louisiana, Appellee,
v.
Joel Lee JUNE, Appellant.
No. 38,440-KA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*940 Louisiana Appellate Project by Pamela S. Moran, Indigent Defender Office by Alan J. Golden, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Edward M. Brossette, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and PEATROSS, JJ.
STEWART, J.
The state charged the defendant, Joel Lee June ("June"), with two counts of aggravated rape, a violation of La. R.S. 14:42 punishable by imprisonment for life without benefits, but agreed to accept his guilty pleas to the attempts thereof. The court sentenced June to serve 24 years at hard labor, without benefits, on each count and ordered the sentences to be served concurrently. Following the denial of his timely motion for reconsideration, defendant argues the sentences are excessive. For the following reasons, we affirm.

*941 FACTS
The record shows that at some time between June 1999 and April 2000, June, then age 42, engaged in vaginal and anal intercourse with two female children, who at all times pertinent were under the age of 12. The defendant perpetrated these acts while the victims were staying at his home with his daughter. He made a partial confession in which he admitted attempting anal and vaginal intercourse with both victims. However, the victim, E.W., said that the defendant penetrated her anus; the victim, T.W., said the defendant penetrated her anus and vagina.
The defendant pled guilty to two counts of attempted aggravated rape and was sentenced to two sentences of 24 years at hard labor with benefits. Following the imposition of the concurrent sentences, this appeal ensued.

DISCUSSION
Excessive Sentence
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Here, although the trial court's articulation of its reasons for the sentences is minimal, the record shows an adequate factual basis for the sentences imposed.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford., 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing concurrent sentences, the court considered a sentencing memo which had been submitted by the defense, the facts of the case, the defendant's age, and his lack of prior criminal history. The sentencing memo noted the reduction in the charges pursuant to the plea bargain, and emphasized the defense contention that the attempted acts were not completed. However, in light of the victims' statements, it appears defendant committed the offenses originally charged. Thus, he obtained a great benefit from his plea bargain.
On this record, we do not find constitutional error. June sexually abused two very young children and received a substantial benefit from the reduction of the charges through his plea bargain. The sentence imposed on each count is less *942 than half of the maximum which could have been imposed. The court granted lenience by directing the sentences to be served concurrently, even though two victims were involved. The sentences imposed are lawful. Considering the defendant's record and the totality of the circumstances of this case, we find the sentences imposed are neither grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of these sentences. They are not constitutionally excessive.

CONCLUSION
Based on the foregoing, the convictions and sentences are affirmed.
AFFIRMED.