hLOLLEY, J.
This appeal arises from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana. Bernita Kay Stephens (“Stephens”) pled guilty as charged on one count of felony theft, a violation of La. R.S. 14:67 B(2), punishable by imprisonment for not more than two years and an optional fíne not to exceed $2,000. The trial court imposed a sentence of two years at hard labor with credit for time served and denied a timely motion to modify or amend sentence. Stephens appeals her sentence on the basis that it is excessive. For the following reasons, we affirm.
FACTS
On October 23, 2003, a loss prevention specialist observed Stephens shoplifting at a clothing store in the Pierre Bossier Mall in Bossier City, Louisiana. The employee followed Stephens to her car, where he saw her put the items in her car trunk. She returned to the store, put several *817 more items in a bag and again went to her car. Stephens was apprehended at that time. The total value of the stolen merchandise was $362.00.
Stephens was charged with felony theft, a violation of La. R.S. 14:67 B(2), to which she originally pled not guilty. She subsequently withdrew her former plea of not guilty and pled guilty as charged, thereby avoiding being convicted and sentenced pursuant to the Louisiana Habitual Offender Statute, La. R.S. 15:529.1.[1] The trial judge accepted Stephens’ guilty plea and sentencing was deferred pending a pre-sentence investigation. Stephens was ultimately sentenced to two years at hard labor, with credit for time served. In Stephens’ pro se motion to modify sentence, 12she sought a probationary sentence. As a fourth felony offender, she is not eligible for probation. La. R.S. 15:574.4 A(l). The motion was denied by the trial court, and this appeal ensued.
DISCUSSION
Stephens’ sole assignment of error on appeal is that the trial court erred by sentencing her to an excessive sentence. She argues that because the stolen items were recovered, and because she did not resist arrest, she should receive a lesser sentence. Stephens notes she has “very few convictions.”[2] She mentions several mitigating factors, which were presented to the trial court, including that Stephens has children.[3] She claims that she was under the influence of prescription pain medications at the time of this incident and that she is a graduate of Southern University with an associate degree in “early childhood,” with certificates in daycare administration and child development.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Here, Stephens does not challenge the adequacy of the court’s articulation |3of reasons for sentence. The record clearly shows an adequate consideration of the guidelines.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
 A trial court has broad discretion to sentence, within the statutory limits. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, *818 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385.
The record indicates the trial court was aware of the matters urged by Stephens prior to imposing sentence and that it considered a pre-sentence investigation report and the facts of the case. Stephens had a multitude of offenses, some with convictions: attempting to obtain controlled dangerous 14substance (“CDS”) by fraud, simple battery, criminal trespass for which she was placed on probation that later was revoked, soliciting for prostitutes, possession of cocaine, possession of drug paraphernalia for which she was placed on probation that was revoked, three separate simple thefts, distribution of false CDS, simple battery, and theft of goods. Stephens also had arrests without dispositions for seven thefts, falsifying a prescription and soliciting for immoral purposes. She has an adult child with some special needs due to a shooting incident. The trial court noted that the state chose not to charge Stephens as an habitual offender. However, the trial court found there was no justification for Stephens’ conduct and that a lesser sentence would deprecate the seriousness of her offense.
On this record, we do not find constitutional error in the sentence imposed on this fourth felony offender, and we find that the sentence is lawful. The trial court did not impose any fine, and the state did not charge Stephens as an habitual offender. Stephens has a history of theft that spans almost 17 years and has twice failed probation. Her record places her in that category of offenders for whom a maximum sentence is appropriate.
Considering all the facts and circumstances of this case and Stephens’ background, we find the sentence is not grossly disproportionate to the severity of the offense of conviction, nor does it shock our sense of justice. There is no showing of an abuse of the trial court’s discretion in the imposition of this sentence which is not constitutionally excessive, and the conviction and sentence are affirmed.
AFFIRMED.

. The record indicates that Stephens had an extensive criminal history that began in 1979 with an arrest for shoplifting and is a fourth felony offender.

. Stephens has 12 prior convictions.

. The PSI report states that she has seven children; apparently, only two of the children are minors, ages 10 and 12.