hBROWN, C.J.
Defendant, Jimmy Ray Shelton, originally charged with armed robbery, pled guilty to first degree robbery pursuant to a plea agreement and received a ten-year hard labor sentence without benefit of parole which was ordered to run concurrent with a prior sentence. Defendant has appealed his sentence as excessive. We affirm defendant’s conviction and sentence.

Discussion

On September 6, 2002, defendant and an accomplice hailed a cab from the Nanking Restaurant in Shreveport. Upon reaching their destination, an apartment in Bossier City, defendant pulled out a handgun and demanded money from the cabdriver. The driver attempted to grab the gun, and the two men struggled over the weapon. Defendant’s accomplice struck the cabbie in the head repeatedly and held him in a chokehold. The driver released the gun when defendant threatened to shoot him. Defendant took $58 and jerked the microphone from the cab radio before he and his friend exited on foot. Six days later, while in custody in Caddo Parish on unrelated unauthorized entry and simple burglary charges, defendant confessed to the instant offense. Defendant was originally charged with armed robbery; however, as noted above, he pled guilty to the lesser offense of first degree robbery.
A trial court has broad discretion to sentence within the statutory limits. When a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we will not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.05/12/04), 873 So.2d 939.
Prior to imposing sentence in the instant case, the court considered a pre-sentence investigation report and the facts of the case. Defendant’s criminal history included a prior conviction for a residential burglary.
Defendant benefitted from pleading guilty to the lesser charge of first degree robbery, significantly reducing his sentencing exposure. This was a crime of violence. Defendant pointed a gun at the cabdriver and threatened to shoot him while his accomplice repeatedly struck the driver and held him in a chokehold. The sentence is not excessive.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.