942 So.2d 630 (2006)
STATE of Louisiana, Appellee,
v.
John M. TICHELI, Appellant.
No. 41,467-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*632 Louisiana Appellate Project by Peggy J. Sullivan, for Appellant.
Jerry L. Jones, District Attorney, Brian Harkins, Cynthia P. Lavespere, Assistant District Attorney, for Appellee.
Before WILLIAMS, MOORE and LOLLEY, JJ.
MOORE, J.
The defendant, John M. Ticheli, seeks review of his sentence for aggravated crime against nature. La. R.S. 14:89.1 A (6). The trial court imposed a sentence of 10 years without benefit of probation, parole, or suspension of sentence and denied a timely motion for reconsideration of sentence. We affirm.
On June 15, 2003, 13-year-old C.W.W. was riding his bicycle to a friend's house when the defendant, traveling in a silver truck, approached and asked the young boy to perform oral sex for $10.00. C.W.W. refused and the defendant rode off. Approximately 20 minutes later, as C.W.W. was headed home, the defendant again approached and repeated the offer to have the victim perform oral sex for $10.00. C.W.W. again refused, went home, notified his father who called police.
On October 17, 2006, the defendant pled guilty to one count of aggravated crime against nature. As a result of a plea agreement, other pending charges against the defendant were dismissed, including count two of the bill of information in the instant case as well as at least eight other pending charges of aggravated crime against nature. The state agreed not to file a habitual offender bill against the defendant.
The defendant alleges that his sentence is excessive based on two factors. First, his advanced age, 66 years old at the time of sentencing; second, the defendant alleges that the sentence is excessive considering that no sexual contact occurred during the charged incident.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 *633 (La.1982); State v. Hampton, 38,017 (La. App. 2 Cir. 1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2 Cir. 04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Hogan, 480 So.2d 288 (La. 1985); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2 Cir. 1/28/04), 865 So.2d 280, writ denied, 04,057 (La.9/24/04), 882 So.2d 1165.
In this case, the trial court reviewed the defendant's PSI report and considered, among other things, the defendant's prior criminal history, his family situation, and his age. The court noted that although the defendant was 66 years old, the kind of criminal behavior the defendant engages in does not appear to be affected by age. He was still capable of engaging in the same type of behavior. Nevertheless, the court considered the defendant's age in not imposing the maximum sentence. Additionally, the court noted that the defendant had previous convictions, dating back to 1983, for aggravated crime against nature and contributing to the delinquency of a juvenile. The trial court observed that the defendant's children were all adults.
On this record, we do not find the defendant's sentence to be constitutionally excessive. The defendant benefitted greatly from the dismissal of several other pending charges of a similar nature as a result of the plea agreement. While the defendant did not attempt to force the victim, he attempted to persuade the very young teen to engage in oral sex by offering him money. The record indicates that defendant has a history of offering other minor victims gifts, money, alcohol, cigarettes and marijuana to induce them into a sexual relationship. The trial court gave the defendant *634 the right of allocution, that is, the right to speak to the court prior to sentencing. The court listened to the defendant and considered various factors. Although defendant argues that he deserves a lesser sentence because he did not actually engage in sex with the victim in this case, the statutory offense to which the defendant pled guilty, La. R.S. 14:89.1, incorporates the statutory definition of "crime against nature" which includes the "solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation." La. R.S. 14:89(A)(2). The sentence is lawful and is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence.
The sentence is affirmed.
AFFIRMED.