STEWART, J.
| defendant, Carlos 0. Traylor, seeks review of the sentences imposed for his convictions on one count each of (1) distribution of cocaine; (2) possession of cocaine with intent to distribute; and, (3) possession of cocaine, second offense. La. R.S. 40:967(A) and (C), and La. R.S. 40:982, respectively. On each of the first two counts, the trial court imposed concurrent ten-year sentences at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence. On the third count, the trial court imposed a sentence of four years imprisonment at hard labor to be served consecutive to the sentences on the previous convictions. We affirm.
FACTS
On January 5, 2005, the defendant was arrested after selling cocaine to an undercover police officer for $20 during a buy-bust operation conducted under video surveillance. During the arrest, the defendant dropped another cocaine-containing baggy. There was what appeared to be crushed cocaine on the pavement around his feet. In all, the police recovered 32 rocks of crack cocaine in the operation. The defendant was charged with one count of distribution of cocaine and one count of possession of cocaine with intent to distribute, both in violation of La. R.S. 40:967.
On June 30, 2005, the defendant was a passenger in a vehicle that was the subject of a law enforcement traffic stop. The officer witnessed the defendant trying to conceal a plastic bag in his left hand. The bag was seized and subsequent testing of its contents indicated that the bag | gcontained two rocks of crack cocaine. The defendant was charged with one count of possession of cocaine, second offense. The defendant had previously been convicted in 1993 for distribution of cocaine.
On February 27, 2006, the defendant pled guilty as charged to one count of distribution of cocaine, one count of possession with intent to distribute, and one count of possession of cocaine, second offense. During his plea, the defendant acknowledged the prior 1993 conviction. In exchange, the state agreed not to file a multiple offender bill against the defendant and dismissed additional pending charges for possession with intent to distribute cocaine and unauthorized entry of an inhabited dwelling.
*976 On May 3, 2006, the defendant was sentenced to ten years’ imprisonment at hard labor on the cocaine distribution conviction and ten’ years imprisonment at hard labor on the possession with intent to distribute conviction, with the sentences to be served concurrently and the first two years to be served without the benefit of parole, probation, or suspension of sentence. He was sentenced to four years imprisonment at hard labor on the second offense possession of cocaine conviction, said sentence to be served consecutively to the two concurrent ten-year terms. The defendant’s motion to reconsider the sentence for exces-siveness was denied. He now appeals.
DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of LLa. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Landos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992).
Furthermore, a trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a hsentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939.
In the instant case, the trial court reviewed the record as well as the pre-sen-tence investigation report. The trial court noted the defendant’s almost non-existent work history and failure to have any responsible relationship with his child. The trial court found the present convictions to be the latest in a series of criminal conduct engaged in by the defendant. As observed by the trial court, the defendant’s latest convictions arose out of offenses committed while he was still on probation from an earlier conviction. Moreover, the defendant’s arrest on June 30, 2005, occurred while he was out on bond from the buy-bust arrest of January 5, 2005. The trial court correctly noted that these facts suggest that the defendant is likely to be a repeat offender.
*977 The defendant argues that the trial court made no inquiry into his possible drug problems and that the sentence offers no hope of change and serves no worthwhile purpose. We find nothing in the record to suggest that the defendant’s drug-related crimes were committed because of addiction on his part, and the trial court stated that nothing in the pre-sen-tence investigation report suggested the defendant was dealing drugs either to support his own habit or support his family. The trial court noted that the defendant offered no justification for the crimes. Though the defendant complains of the excessiveness of the 14-year total sentence, he obtained a substantial reduction in sentencing exposure under the plea agreement by |Rwhich additional charges were dropped and an habitual offender bill was not filed. With the maximum possible sentence of 30 years on each of the first two convictions and a maximum of 10 years on the third, the trial court was well within the sentencing guidelines with the mid-range sentences imposed on the defendant.
On this record, we do not find constitutional error. The defendant received substantial benefits as a result of the plea bargain agreement. The sentence does not shock the sense of justice, nor is it disproportionate to the severity of the offense. The sentence complained of is not constitutionally excessive. Therefore, the assigned error is without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentences are affirmed.
AFFIRMED.