BROWN, Chief Judge.
| defendant, Jacob Ray Griffith, pled guilty to forcible rape, a violation of La. R.S. 14:42.1, and was sentenced to serve 23 years imprisonment at hard labor, 2 years of which are to be served without benefit of probation, parole, or suspension of sentence. Defendant has appealed his sentence as excessive. Finding no error, we affirm.

Discussion

Defendant was indicted for aggravated rape of his 5-year-old male cousin. Defendant, who was 17 years old, had oral sexual intercourse with the victim.[1] Defendant was allowed to plead guilty to the lesser and responsive charge of forcible rape. The trial court thoroughly advised defendant of his rights as required by Boylcin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and made a diligent effort to determine his competence, literacy, and understanding.
A sentencing hearing was held at which 11 witnesses testified, including family members of both the defendant and the victim. Defendant’s testimony at the sentencing hearing concerned his remorse for the pain he caused, his fear of prison, and his desire to start his own family. Defendant requested that his sentence be short. Before sentencing defendant, the trial court noted that it had considered the guidelines set forth in La. C. Cr. P. art. 894.1, including the age of the victim (five years old at the time of the offense), defendant’s need for a correctional environment that can be best provided by commitment to an institution, and the fact that any lesser sentence would deprecate the seriousness of defendant’s crime. LThe trial court specifically noted that it reviewed the PSI report “numerous times” before sentencing defendant to 23 years imprisonment at hard labor, with 2 of those years to be served without benefit. The trial court advised defendant of the time limitations for appealing and seeking post-conviction relief. Defendant’s timely motion to reconsider sentence was denied by the trial court.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.01/28/04), 865 *979 So.2d 280, writ denied, 04-057 (La.09/24/04), 882 So.2d 1165.
In the instant case, defendant avoided a mandatory life sentence by pleading to a lesser grade of rape. The sentence defendant received was just over half of the maximum possible sentence for forcible rape. The record shows that the trial court enumerated aggravating and mitigating circumstances, thereby complying with La. C.Cr.P. art. 894.1, and tailoring the sentence to this offense and offender. Finding neither abuse of ^discretion, nor that defendant’s sentence is shocking to the sense of justice, we affirm defendant’s conviction and sentence.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. He also fondled the victim's penis and attempted anal penetration.