GASKINS, J.
I t Originally charged with first degree murder, armed robbery and aggravated burglary in the death of an elderly woman, the defendant, Richard Grady, was allowed to plead guilty to only armed robbery. He was sentenced to 50 years at hard labor without benefit of probation, parole or suspension of sentence. He appeals his sentence as excessive. We affirm.
FACTS
On the afternoon of June 8, 2001, the defendant and two confederates, Gerod Brewer and Lashonda Hill, approached the home of the defendant’s elderly neighbor, Mary Little. Hill knocked on the door to get Ms. Little to open the door so that Brewer and the defendant could enter the house. The defendant later admitted to taking approximately $300 from Ms. Little’s residence and cutting the cord to her telephone so she could not call the police. Several days later, Ms. Little’s partially decomposed body was discovered. She had been beaten about the head; additionally, a pillowcase had been placed over her head and tied with lace around her neck.
The police soon developed the defendant as a suspect, and he was arrested in July 2001. The defendant was originally charged with first degree murder, aggravated burglary, and armed robbery. The homicide charge was later reduced to second degree murder. In exchange for his truthful testimony at Brewer’s trial, the defendant was allowed to plead guilty to only armed robbery in October 2005. The recitation of facts to which the defendant admitted guilt stated that Brewer armed himself with a board after entering Ms. Little’s house and used it to batter her about the head. There was no agreement between the state and the defendant as to his ^sentence. However, the plea agreement provided that a presentence investigation (PSI) report would be ordered and that sentencing would be delayed until after Brewer’s trial. In February 2006, the defendant testified as a prosecution witness in Brewer’s trial; however, the jury acquitted Brewer of Ms. Little’s murder.
In March 2006, the defendant was sentenced to serve 50 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant filed a motion to reconsider, arguing that a lesser sentence was warranted because he was only 19 years old at the time of the offense and he had been diagnosed as mentally retarded. He also contended that of the three persons *185 involved in Ms. Little’s murder, he was the least culpable, whereas Brewer and Hill had been convicted of a similar murder of an elderly man.[1] Defense counsel further argued that the outcome of the Brewer trial was not the defendant’s fault. The motion was denied.
The defendant appealed, claiming that the trial court imposed an excessive sentence.
LAW
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. |a894.1, not a rigid or mechanical compliance with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 898 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to, society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
|4A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
DISCUSSION
In imposing sentence, the trial court considered the defendant’s status as a second felony offender. In 1998, the defendant, at age 16, was charged with the aggravated rape of a four-year-old < child. He pled guilty to indecent behavior with a juvenile and was sentenced to seven years at hard labor; four years of that sentence *186 were suspended. The defendant served three years and was placed on supervised probation for five years. He was released from prison five months before the instant offense.[2]
Noting that the victim in the instant case was an elderly woman, the trial court observed that the defendant’s criminal activity was directed toward “particularly vulnerable” people — the very old and the very young. The trial court observed that the defendant also had a significant juvenile criminal history.
As to the defendant’s social history, he finished only the 10th grade before quitting school, and he had no employment history or job skills. He began using marijuana at age 15.
IsThe trial court also presided over Brewer’s trial and was thus familiar with the defendant’s trial testimony. While unwilling to find that the defendant did not testify truthfully, the- court stated that it believed that the defendant had not told the “whole truth” during his testimony. As a result, the state was unable to prove important parts of its case against Brewer.
The trial court noted that in a letter the defendant wrote to the court he described the victim as “a kind and nice lady.” Yet, as the trial court observed, the defendant made no effort to help her after she was beaten, supposedly by Brewer without the defendant’s prior knowledge. Instead, by his own admission, the defendant left her lying on the floor, dead or dying, and went out that night with all of the robbery proceeds to buy drugs and alcohol for his friends.
In reviewing the sentencing guidelines set forth in La. C. Cr. P. art. 894.1, the court found that there was an undue risk of the defendant committing another crime, that he was in need of correctional treatment most effectively provided by commitment to an institution, and that a lesser sentence would deprecate the seriousness of the crime. Other aggravating factors included the manifestation of deliberate cruelty toward a particularly vulnerable victim and the defendant’s use of his position as a lessee of the victim to facilitate the commission of the crime. Also, he stole $300 from the victim during the offense. In mitigation, the trial court considered that Brewer and Hill were convicted of a similar crime in Caddo Parish which did not involve the defendant. The court also noted the defendant’s “fairly | (¡low” IQ, but found that the defendant knew the difference between right and wrong.
Contrary to the defendant’s assertions, the sentence imposed by the trial court is not constitutionally excessive. The defendant participated in a brutal home invasion which led to the death of a particularly vulnerable victim, an elderly neighbor whom the defendant himself described as a “nice lady.” The motive for this crime was to rob a helpless old woman of her money. To ensure that she could not call for help, the defendant admitted that he cut the cord on her telephone. The defendant claimed that he did not intend for the victim to be physically harmed. However, as pointed out during the defendant’s cross-examination at Brewer’s trial, the victim knew the defendant — who had been recently released from prison and was on parole — and she would have been able to identify him to the police as one of the people who entered her house and robbed her if she had been allowed to live. The record indicates that the victim was vi *187 ciously attacked; she was not only bludgeoned in the head with a board but also asphyxiated with a pillowcase placed over her head.
The defendant benefited greatly from the plea bargain which dismissed second degree murder and aggravated burglary charges against him. He was allowed to plead guilty to only armed robbery, an offense which carries a sentencing exposure of imprisonment at hard labor for not less than 10 years and not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64. The sentence of 50 Lyears at hard labor without benefits for the instant crime is in the middle range.
The trial court carefully and methodically considered both aggravating and mitigating factors in tailoring this sentence to this defendant. While the court noted the unhelpful impact of the defendant’s testimony in his co-defendant’s trial, the record demonstrates that it did not place undue emphasis upon this factor. The trial court did not abuse its discretion in imposing sentence upon the defendant. We find that the sentence of 50 years at hard labor without benefit of parole, probation or suspension of sentence is not constitutionally excessive.
This assignment of error lacks merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Brewer’s conviction for manslaughter, his adjudication as a third felony offender,' and his life sentence were affirmed in State v. Brewer, 38,515 (La.App.2d Cir.8/20/04), 880 So.2d 1005, writs denied, 2004-2509 & 2004-2539 (La.2/18/05), 896 So.2d 27, 896 So.2d 28, reconsideration denied, 2004-2509 & 2004-2539 (La.3/24/05), 896 So.2d 1022. The recitation of facts in that case stated that Hill, pled guilty to armed robbery for her involvement in the offense against that victim and received an agreed sentence of 19 years.

. The defendant was paroled on January 11, 2001. His parole period ended on June 14, 2001, and his probation period began on June 15, 2001. Thus, he committed the instant offense while on parole, but he was arrested while on probation.