968 So.2d 1218 (2007)
STATE of Louisiana, Appellee
v.
Willie Bill HICKERSON, Appellant.
No. 42,639-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2007.
*1219 Louisiana Appellate Project by William Jarred Franklin, for Appellant.
John Schuyler Marvin, District Attorney, John Michael Lawrence, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and DREW, JJ.
DREW, J.
Willie Bill Hickerson pled guilty to attempted aggravated rape upon the dismissal of other serious charges. After the trial court reviewed a presentence report, it imposed the maximum sentence of 50 years at hard labor. Hickerson appeals his sentence.
Between the dates of April 1 and June 24, 2005, the defendant committed aggravated rape upon his seven-year-old granddaughter, C.L.,[1] by having sexual intercourse with the child. At the time of the offense, the victim was seven years old, and the defendant was 39. The defendant was originally charged with two counts of aggravated rape and one count of aggravated incest. In exchange for his guilty plea to attempted aggravated rape, the remaining charges of aggravated rape and aggravated incest were dismissed.
The defendant argues that:

*1220  the trial court sentenced him as if the originally charged crime of aggravated rape had occurred and had been committed upon multiple victims;
 none of his prior felony convictions were for violent or sexual crimes; and
 he was not such an egregious offender as to deserve such a harsh sentence.
The state responds that:
 the facts of this case and the defendant's criminal history support the 50-year sentence;
 the trial court had the benefit of a presentence investigation report; and
 the defendant received considerable benefit from the related dismissals.
Our law on the review of sentences is well settled.[2]
Before imposing sentence, the trial court carefully reviewed the sentencing guidelines as found in La. C. Cr. P. art. 894.1. In particular, the trial court examined the defendant's criminal record as outlined in the presentence investigation report and statements from the victim's family. The trial court noted that the defendant had a significant criminal history which included convictions for simple burglary, theft, and illegal possession of stolen things. Moreover, there were presently two outstanding warrants for the defendant's arrest in Tangipahoa Parish issued on February 27, 1996, as a result of his failure to appear in court for sentencing for two felony convictions. Further, the victim's mother expressed her desire that the defendant should never have the opportunity to be released into society to cause any harm to other children.
The defendant's sentence is not overly severe given the circumstances of the case and the defendant's background. The defendant's sexual abuse of his young granddaughter who was entrusted to his care has caused the child to suffer great emotional upset, according to the PSI. The victim is presently attending counseling at the Gingerbread House in Shreveport and will require counseling for an extended *1221 period of time. This predator had exposure to the death penalty as originally charged. The plea agreement has already given him more benefit than deserved.
In light of the fact that the record does not contain any mitigation in support of a lesser sentence and because the defendant poses such a significant threat to society, particularly young children, the 50-year sentence does not shock the conscience of the court or appear to be a needless imposition of pain and suffering.
On this record, we find no constitutional error. There is no showing of an abuse of the district court's discretion in the imposition of this sentence.
Error Patent
La. C. Cr. P. art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record in this case indicates that the trial court incorrectly informed the defendant that he had "two years to file for post-conviction relief." This code article does not bestow an enforceable right on a defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. The defendant is now advised by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
In addition, the trial court neglected to indicate that the 50-year hard labor sentence is to be served without benefit of parole, probation, or suspension of sentence, which we now clarify.

DECREE
The defendant's conviction is AFFIRMED. His sentence is amended to include that it is to be served without benefits, and is, as amended, AFFIRMED.
NOTES
[1] The initials of the victims are used because of confidentiality requirements applicable to the instant case under La. R.S. 46:1844(W).
[2] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.

Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.