PEATROSS, J.
 

 1!Defendant, Douglas D. Foster, pled guilty to violating La. R.S. 14:78.1, aggravated incest. He was sentenced to 20 years at hard labor. He now appeals and claims his sentence is excessive. For the reasons stated herein, the sentence of Defendant is affirmed.
 

 FACTS
 

 On August 20, 2007, Sergeant Jo Baw of the Ouachita Parish Sheriffs Office received a videotape of a 14-year-old juvenile, J.F., which was made at the Children’s Advocacy Center, wherein J.F. stated that his father, Douglas D. Foster, had been sexually abusing him since 2001. J.F. has Asperger’s Syndrome, which is a
 
 *1080
 
 high-functioning condition found on the Autism scale. J.F. stated that his father made J.F. perform oral sex on him and that his father performed oral sex on J.F. Defendant also forced J.F. to watch pornographic movies and look at pornographic magazines with him and forced J.F. to watch him stimulate himself anally with an electric toothbrush while he masturbated. In addition, Defendant took nude pictures of the juvenile lying on a couch in his living room with a black cowboy hat over his face. J.F. indicated that the pictures his father took of him lying nude on the couch would not print. J.F. stated his father had a bunk bed for him to sleep in when he came to visit, but the upper bunk was always stacked with possessions and he had to sleep in the lower bunk with his father. J.F. also stated that his father had instructed him not to tell anyone about the sexual activity because, if it were revealed that this was going on, he, the father, would go to jail.
 

 |2On August 21, 2007, Ouachita Parish deputies obtained a search warrant and went to Defendant’s home in Monroe, Louisiana. When Defendant came to the door, officers immediately noticed a strong odor of marijuana. A search of the premises produced many weapons, found within feet of the marijuana, pornographic DVD and VHS tapes, pornographic magazines and a box of “homemade” and store bought sex toys. Cameras were located in the living room and were seized by officers, as was a cowboy hat located in one of the rooms. Defendant was arrested and read his
 
 Miranda
 
 rights. Federal charges were filed against him for possession of the weapons.
 

 After his arrest, Defendant gave a statement to the Sheriffs Office wherein he admitted performing oral sex on J.F. beginning when J.F. was eight years old and admitted that he had his son perform oral sex on him. Further, he stated that J.F. had seen him masturbating and watching pornographic DVDs, but denied that he made J.F. watch. He admitted attempting to take pictures of J.F. while J.F. was wearing a cowboy hat and a towel, but stated that his camera battery had died and he was not successful. He also admitted to taking J.F.’s ADHD medication, Ad-derall, because it caused him to become sexually aroused.
 

 On September 21, 2007, a bill of information was filed charging Defendant with: 1) aggravated incest, between August 1, 2001, and August 31, 2007, inclusive, a violation of La. R.S. 14:78.1; 2) indecent behavior with a juvenile, a violation of La. R.S. 14:81; 3) pornography, in violation of La. R.S. 14:81.1; and 4) possession of marijuana with intent to j ^distribute a Schedule I controlled dangerous substance, on or about August 21, 2007, in violation of La. R.S. 40:966.
 

 The case was scheduled for trial for April 21, 2008, and a jury was selected and sworn. After hearing the testimony of Sgt. Baw, Defendant decided to plead guilty to the charge of aggravated incest with the victim being greater than 13 years of age. The other three charges against him were dismissed. A PSI was ordered returnable by August 10, 2008.
 

 On August 22, 2008, the trial judge examined the PSI report, allowed a statement by the victim’s grandfather, allowed Defendant to speak on his own behalf and then thoroughly examined sentencing factors set forth in La.C.Cr. P. art. 894.1. The trial judge stated that he found Defendant to be one of the “worst offenders” and also noted that Defendant had been spared what amounted to a life sentence by his attorney’s action of having the other three crimes dismissed upon the guilty plea. As previously stated, the trial judge sentenced Defendant to serve 20 years at hard labor, which was the maximum sen
 
 *1081
 
 tence under La. R.S. 14:78.1(D)(1). The trial judge noted that, under La. R.S. 15:537(A), the sentence was not subject to diminution for good behavior. Defendant filed a motion to reconsider his sentence, which was denied. This appeal ensued.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 Douglas Foster’s sentence amounts to the needless imposition of pain and suffering and should be considered constitutionally excessive.
 

 Defendant argues that his sentence amounts to a needless imposition of pain and suffering and should be considered constitutionally excessive. |4He contends that he did not have a significant criminal record. In fact, his only prior conviction was a misdemeanor conviction for possession of marijuana in 1978. He helps his elderly parents with their catfish farm, lifting heavy bags of food and mowing many acres of pasture, and claims that the imposition of the maximum sentence will result in a hardship to his family. Defendant claims that he is remorseful for his actions and that he has apologized to his son for hurting him. Defendant argues that, because he has been a law-abiding citizen his whole life, the record in this case contains no evidence of aggravating factors warranting the maximum sentence.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 04-0834 (La.3/11/05), 896 So.2d 57
 
 and
 
 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 00-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Rob
 
 
 *1082
 

 inson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not ^adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State
 
 v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 07-1394 (La.4/4/08), 978 So.2d 321;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 04-0597 (La.9/24/04), 882 So.2d 1165.
 

 La. R.S. 14:78.1 defines aggravated incest and the sentence for the crime and states in pertinent part as follows:
 

 A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
 

 B. The following are prohibited acts under this Section:
 

 (1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state. (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted |7to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
 

 [[Image here]]
 

 D. (1) A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.
 

 In the case
 
 sub judice,
 
 the trial judge’s decision was based on many factors. The trial judge indicated he had a copy of the PSI and its recommendation. He took cognizance of the sentencing guidelines set forth in La. C. Cr. P. art. 894.1 and noted that he would consider both mitigating and aggravating factors when he pronounced Defendant’s sentence.
 

 The trial judge noted that Defendant did not have a significant criminal record, but also pointed out that he had been given a significant benefit by being allowed to plead guilty to aggravated incest. He also stated that Defendant received a huge benefit from having the other charges dismissed. The trial judge considered that Defendant had expressed remorse at the sentencing hearing and had indicated that he had repented his sins and had a relationship with God that he did not have before. He further indicated that he had taken Defendant’s previous drug and alcohol difficulties into consideration.
 

 
 *1083
 
 The aggravating factors considered by the trial judge greatly outweighed the mitigating factors. He stated that Defendant had repeatedly, and for a prolonged time period, exposed J.F. to pornography, forced his child to sleep in the same bed with him, forced him to engage in sexual activity against his will, stolen his medication from him so that Defendant | scould experience sexual arousal and damaged his autistic son mentally and emotionally for life. The trial judge stated that he considered Defendant a “worse sexual offender” because he had tortured his own son sexually for years and mentally abused his child by putting the burden on him to keep Defendant’s secrets.
 

 The trial judge indicated that the recommendation of the PSI was that the court should impose a maximum sentence at hard labor. Due to the seriousness of the crime and the substantial benefit Defendant had already received by virtue of the dismissal of the three other offenses, the trial judge imposed the maximum allowable sentence under the statute. In addition, because Defendant pled guilty to the crime of aggravated incest, he was not eligible for diminution of sentence for good behavior.
 

 Based on the law and the facts of the case, we conclude that the trial court did not abuse its wide discretion in sentencing Defendant to the maximum sentence for this crime. The record reflects the trial judge’s articulation of reasons for the sentence and his consideration of the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. Based on his consideration, the trial judge determined that Defendant had already received the benefit of having three felony charges against him dismissed, noted the heinous nature of the crime and found that the seriousness of the offense warranted the maximum penalty. The sentence is not excessive. This assignment of error is without merit.
 

 |
 
 ^CONCLUSION
 

 For the foregoing reasons, the sentence of Defendant, Douglas D. Foster, is affirmed.
 

 AFFIRMED.