CARAWAY, J.
| iFanisty Jane Kennon pled guilty to four counts of misdemeanor simple battery and was sentenced to six months in jail on each count, with sentences on all but count one suspended, and one year probation on each of the three remaining counts, to run consecutively. The trial judge also imposed a $500 fíne on each count plus costs. As special conditions of probation, Kennon was ordered to participate in an anger management program and perform 30 hours of community service. A motion for reconsideration was denied. Kennon appeals her sentence arguing that it is unconstitutionally excessive. We affirm.

Facts

Fanisty Kennon was a childcare worker at a daycare facility in Bossier Parish. The record reflects that a coworker became aware of possible abuse of the children by Kennon. Following an investigation, Kennon was charged by bill of information with eight counts of cruelty to juveniles in violation of La. R.S. 14:93. Kennon ultimately admitted to hitting at least three different children of approximately two to three years of age, pulling their hands, feet and ears, and thumping them. A security videotape of the daycare center revealed Kennon’s actions. Kennon ultimately pled guilty to four counts of simple battery and the state nolle prosequi the remaining charges.
At sentencing on May 27, 2014, two letters written on behalf of Kennon were introduced to the court. One letter was authored by a long-time friend who allowed Kennon to babysit her children. The letter ^expressed the friend’s total confidence in Kennon as a caregiver. In a second letter, another female who had *546 hired Kennon to babysit her children expressed her support for Kennon as a mother and caregiver. In urging the court to impose probation only, defense counsel made a strong statement in favor of leniency for Kennon, noting that she had never been involved in the criminal justice system and that this was an isolated incident that did not result in injury to any of the children affected.
In his sentencing remarks, the trial judge indicated that there were other offenders involved in the commission of the instant offenses, apparently recognizing that Kennon’s involvement may not have risen to the level of the others involved. He further acknowledged his belief that Kennon would not reoffend. Nevertheless, the trial judge balanced those findings against the fact that the batteries were on very small, innocent children who did not yet have the capacity to understand the hitting, pulling and thumping. Noting that it was his responsibility to protect society and especially the young children, infirm and aged, he concluded that imposing only probation would be a disservice to the people of the district.
Thereafter, the court imposed a six-month sentence on each count, suspending all but one sentence. In addition, he ordered one year of supervised probation on each remaining count to be served consecutively, yielding a total of three years of supervised probation with special conditions. Finally, a fine of $500 on each count was imposed.
IsKennon filed a motion to reconsider sentence urging that the imposed sentence was unconstitutionally excessive. After the motion was denied, this appeal ensued.

Discussion

On appeal, Kennon argues that the six-month sentence followed by three years of active supervised probation is excessive. She contends that she is a first offender with a stable work history and that her behavior is not likely to recur. Kennon emphasizes that the victims suffered no injuries, and that she has taken responsibility for her actions.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purposes other than to inflict pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
The trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
For her crimes of conviction, Kennon faced maximum sentencing exposure of not more than six months and a fine of not more than $1,000 or both for each count. La. R.S. 14:35. However, for the originally-charged |4offenses, she faced a much greater fine and potential sentencing exposure of 10 years, or both, on the various counts. La. R.S. 14:93. Thus, Kennon received a substantial reduction in sentencing exposure by the state allowing her to plead down from eight counts of cruelty to juveniles to four counts of simple battery.
As outlined above, the trial judge paid particular attention to, and considered, the mitigating factors of this case, including the letters written on Kennon’s behalf. It is clear from his sentencing remarks that he carefully and thoughtfully fashioned a *547 sentence that would reflect the mitigating circumstances, but would also protect the interests of the children and ' society against this type of offensive behavior.
From this record, we find that the sentence of six months of incarceration, followed by three years of supervised release with conditions, is not disproportionate to the offense, nor is it shocking to the sense of justice.

Decree

For the foregoing reasons, Kennon’s convictions and sentences are affirmed.
AFFIRMED.