945 So.2d 267 (2006)
STATE of Louisiana, Appellee,
v.
James Dave SHIRLEY, Appellant.
No. 41,608-KA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*268 Louisiana Appellate Project by Annette Roach, for Appellant.
Jerry L. Jones, District Attorney, George D. Ross, Assistant District Attorney, for Appellee.
Before BROWN, LOLLEY & SEXTON (Pro Tempore), JJ.
SEXTON, J.
Defendant, James Dave Shirley, pled guilty to aggravated incest and was sentenced to 20 years' imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. He now appeals, assigning sentencing errors and ineffective assistance of counsel. For the reasons stated herein, Defendant's conviction is affirmed, his sentence is amended to delete the denial of parole eligibility and the sentence, as amended, is affirmed.

FACTS
The victim, Defendant's 14-year-old stepdaughter, reported to police that she and Defendant had an ongoing sexual relationship beginning in March 2004 and ending in October 2004. The relationship consisted of various sex acts, including partial vaginal and anal intercourse and oral sex, occurring in both Ouachita and West Carroll Parishes. Defendant was over the age of 30 and married to the victim's mother at the time of the offenses. He was charged by bill of information with four counts of aggravated incest. After being properly advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and waiving those rights, Defendant pled guilty to one count of aggravated incest pursuant to a plea bargain agreement with the State. A presentence investigation report was ordered.
At sentencing, the trial court allowed family members the opportunity to speak. *269 None responded. The trial court stated that it had considered the applicable sentencing provisions contained in La. C. Cr. P. art. 894.1 and reviewed the presentence investigation report, including the fact that Defendant is a first-felony offender. It noted and set forth Defendant's "substantial adult criminal record." The trial court further noted Defendant's social history, including his claim that he was abused by his stepfather at an early age. The trial court extensively discussed the "graphic details" of Defendant's conduct with the victim, which clearly showed the grave and heinous nature of the offenses and the ongoing efforts of Defendant in exploiting this young victim. The court noted that Defendant appeared to show no remorse for his crime and that he blamed the victim for intentionally initiating sexual contact during "wrestling." The trial court found none of the mitigating factors listed in La. C. Cr. P. art. 894.1 to be applicable. Based on the aggravating facts enumerated, the trial court found that Defendant had been shown sufficient leniency through the plea bargain agreement. Finding an undue risk that Defendant would commit another crime during a period of suspended sentence or probation, that he is in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution and that a lesser sentence will deprecate the seriousness of the crime, the trial court sentenced Defendant to serve 20 years' imprisonment at hard labor. The remaining three counts were dismissed at sentencing, pursuant to the plea agreement. Defendant now appeals.

DISCUSSION
Assignment of Error Number One (verbatim): The trial court erred in finding no mitigating factors were present in this case and in failing to consider the applicable mitigating factors, in violation of La. C. Cr. P. art. 894.1.
La. C. Cr. P. art. 881.1(E) provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
No motion to reconsider was filed in the case sub judice; therefore, La. C. Cr. P. art. 881.1 applies to Defendant's sentence.[1] This article precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. In such a circumstance, as here, the defendant is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164. Nevertheless, we will briefly address Defendant's argument in this regard.
Defendant recognizes that the record contains extensive considerations by the trial court; however, he argues that the trial court failed to give proper consideration to mitigating factors. He emphasizes his lack of a substantial criminal record and discusses the details of that record. Defendant points to factors including that the victim is not a blood relative, was over the age of 12 at the time of the offenses and consented to the sexual conduct. Defendant argues that he is not *270 the worst type of offender to justify the imposition of the maximum sentence.
The record shows that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge thoroughly reviewed the factors he considered in sentencing Defendant, specifically noting that he considered the mitigating factors of article 894.1 and found none applicable. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433, So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements, such as Defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation, were considered. See State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
This assignment of error is meritless.
Assignment of Error Number Two (verbatim): The maximum sentence imposed on this first felony offender is cruel, unusual and excessive, and in violation of Article I, § 20 of the Louisiana Constitution of 1974 as it serves no useful purpose of rehabilitation.
A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a court of appeal may not set aside a sentence as excessive. See State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
The record reflects that the trial court did not abuse its broad discretion in sentencing Defendant to the maximum sentence for aggravated incest, considering the scope and nature of the sexual conduct, the long-lasting and detrimental effects on his young victim and Defendant's personal and criminal history. He has received a significant reduction in potential exposure to confinement through a plea bargain where three counts of aggravated incest *271 were dismissed. Defendant's total sentencing exposure on four counts of aggravated incest was 80 years, reduced to a possible 20-year maximum on one count. Thus, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. See State v. Black, supra. We find no manifest abuse of that discretion and, therefore, will not set aside this sentence as excessive. See State v. Guzman, supra; State v. June, supra; State v. Lingefelt, supra.
This assignment is, therefore, without merit.
Assignment of Error Number Three (verbatim): Trial counsel rendered ineffective assistance of counsel for failing to file a motion to reconsider sentence in this case.
Defendant argues that his trial counsel should have filed a motion to reconsider sentence urging the excessiveness of the sentence because of the trial court's failure to consider mitigating factors. He argues that he was prejudiced by this error. We disagree.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief ("PCR") in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Williams, 33,581 (La.App. 2d Cir.6/21/00), 764 So.2d 1164. A motion for new trial is also an accepted vehicle by which to raise such a claim. Id. When the record is sufficient, as it is here, this issue may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App. 2d Cir.9/27/95), 661 So.2d 673.
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A basis for ineffective assistance of counsel may only be found if a defendant can "show a reasonable probability that but for counsel's error, his sentence would have been different." State v. Allen, 03-1205 (La.App. 5th Cir.2/23/04), 868 So.2d 877. See also State v. White, 03-1535 (La.App. 3d Cir.4/28/04), 872 So.2d 588.
Considering the discussion regarding Defendant's sentence contained herein, we conclude that Defendant has failed to prove that, but for trial counsel's failure to file a motion to reconsider sentence, the sentence would have been different. State v. Allen, supra. The record shows that the sentencing factors set forth in La. C. Cr. P. art. 894.1 were extensively considered, as discussed supra, and that Defendant's sentence was tailored to both the offense and the offender. Again, we emphasize that Defendant has received a significant reduction in potential exposure to confinement through a plea bargain where three counts of aggravated incest were dismissed.
This assignment of error is meritless.

ERROR PATENT
The trial court's judgment reflects that Defendant's sentence is to be served without benefit of probation, parole or suspension of sentence. La. R.S. 14:78.1 does not provide for the denial of such benefits. In State v. Moseley, 36,550 (La.App. 2d Cir.10/23/02), 830 So.2d 354, this court explained:
The statute of conviction, La. R.S. 14:78.1, does not provide for the denial of parole, probation, or suspension of sentence. As two other courts have already noted, "A sentence upon a conviction of aggravated incest, La. R.S. 1478.1, is not required to be served without these benefits." State v. Terrebonne, 2001-2632 (La.App. 1st *272 Cir.6/21/02), 822 So.2d 149; State v. May, 00-43 (La.App. 5th Cir.5/17/00), 760 So.2d 1260. However, under La. R.S. 15:538 A and B, the denial of Moseley's eligibility for probation, parole, or suspension of sentence is self-executing unless he is prohibited from engaging in certain work which would expose him to minor children.
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882 A. Defendant's sentence is, therefore, amended to delete that portion denying him parole eligibility, noting that La. R.S. 15:538 is self-executing regarding such denial.

DECREE
For the foregoing reasons, the conviction of James Dave Shirley is affirmed. His sentence is amended to delete ineligibility of parole and, as amended, is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Defendant's appellate counsel assigns trial counsel's failure to file the motion as error and ineffective assistance of counsel, addressed infra.