WILLIAMS, J.
 

 |]The defendant, Luther O’Neal Reed, was charged by bill of information with attempted second degree murder, a viola
 
 *275
 
 tion of LSA-R.S. 1427(A) and LSA-R.S. 14:30.1. He pled guilty to a reduced charge of aggravated battery and was sentenced to serve nine years and three months in prison at hard labor. For the following reasons, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 On the evening of July 28, 2007, the defendant engaged in a verbal altercation with the victim, Dewayne Elzie (“Elzie”), and Elzie’s brother, Randy, on the street in front of Elzie’s home. The defendant left the scene and returned on two separate occasions during the altercation, making various threats. The first time the defendant returned, he was armed with what Elzie identified as an AK-47. When he returned the last time, the defendant was no longer armed with the AK-47; however, as he appeared to be leaving the scene, he turned back and fired a .40 caliber semi-automatic handgun, striking Elzie in the forehead. Elzie was taken to St. Francis Medical Center where he was treated for the gunshot wound. The injury was non-fatal as the bullet did not penetrate Elzie’s skull.
 

 The defendant was arrested and charged by bill of information with attempted second degree murder. On February 25, 2008, the defendant pled guilty to a reduced charge of aggravated battery with his sentencing being subject to a pre-sentence investigation. The state also agreed not to seek a habitual offender adjudication of the defendant. On May 19, 2008, the defendant was sentenced to 10 years in prison at hard labor. Following the | .imposition of sentence, defense counsel made an oral motion to reconsider the sentence. After hearing arguments, the trial court granted the motion and sentenced the defendant to 9 years and 3 months in prison at hard labor. This appeal followed.
 

 DISCUSSION
 

 The defendant contends the sentence imposed was “unconstitutionally harsh and excessive” for this offense and this offender. Despite his guilty plea, the defendant argues that the sentence fails to reflect the fact that he had “limited involvement in this crime.”
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284,
 
 'units denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57
 
 and
 
 2004-2380 (La.6/3/05), 903 |s So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La. App. 2d Cir.4/22/04), 873 So.2d 747,
 
 writ
 
 
 *276
 

 denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanuo,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not [4adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing-even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App. 2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 2007-1394 (La.4/4/08), 978 So.2d 321;
 
 State v. Black,
 
 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280,
 
 unit denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.
 

 In the instant case, prior to imposing the sentence, the trial court reviewed the defendant’s criminal record which included a 1994 guilty plea to aggravated battery for which the original charge had been attempted first degree murder (that conviction arose out of an incident where the defendant fired a gun into a group of people, striking a 17-year-old girl in the shoulder). The defendant’s criminal history also included numerous convictions for various offenses, including gun, drug and domestic violence offenses, criminal damage to property and simple battety. Furthermore, the defendant had various other arrests for which he was not prosecuted. The trial court noted its consideration of several mitigating factors discussed in the presentence investigation report, including the defendant’s work history and his recent marriage to the mother of his two daughters. The court also | ¿noted that the defendant had taken at least partial responsibility for his actions by admitting the fact of the shooting if not exactly the manner.
 
 [1]
 
 Further, the trial court provided an extensive discussion of the factors listed in LSA-C.Cr.P. art. 894.1 before stating, “I do find that you are in a sense a worst felony offender because you have a history of this and nothing seems to deter you.” The court noted that a gunshot wound to the head “is usually a death shot” and concluded that the defendant was in need of correctional treatment.
 

 
 *277
 
 Aggravated battery is punishable by a fíne of not more than $5,000, imprisonment with or without hard labor for not more than ten years, or both. LSA-R.S. 14:34. As noted above, the defendant was sentenced to serve nine years and three months in prison at hard labor.
 

 While the sentence imposed was near the top of the statutory range, it is indisputable that the defendant received a substantial benefit in his sentencing exposure by pleading guilty to a reduced charge. The original charge of attempted second degree murder carries a maximum hard labor sentence of 50 years. Furthermore, while the defendant’s version of events displaced responsibility for his actions, his prior criminal history involving the discharge of firearms provided the trial court with ample reason to be dubious of the defendant’s claims. On this record, we find that the defendant has not proven that the trial court abused the liberal discretion afforded it in sentencing. This sentence is not grossly out of proportion to the seriousness of the offense; nor is it shocking to the sense of justice. | r,Accordingly, we find that the sentence imposed was not constitutionally excessive.
 

 We also reject the defendant’s argument that the trial court failed to properly consider the role that the victim played in the commission of the offense. The defendant raised that argument in his motion to reconsider the sentence, and after hearing the defendant’s argument, the trial court noted that even if the defendant’s version of events were true, the defendant had the option of removing himself from the situation, since the encounter occurred on the street where Elzie lived and where the defendant was merely visiting.
 
 [2]
 
 Nevertheless, the trial court granted the defendant’s motion to reconsider the sentence and reduced the defendant’s sentence by nine months. We find that the court’s act of reducing the defendant’s sentence belies the defendant’s contention that the trial court failed to consider Elzie’s alleged role in the offense. This argument lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, we hereby affirm the defendant’s conviction and sentence.
 

 CONVICTION AFFIRMED; SENTENCE AFFIRMED.
 

 [1]
 

 . The defendant contended that he shot into the ground as opposed to firing directly at Elzie.
 

 [2]
 

 . Defense counsel argued that the defendant felt threatened during the altercation because several members of the victim’s family were present and were armed with weapons. There was no allegation that the victim's family members were engaged in any physical altercation with the defendant or directly threatened him with a firearm.