WILLIAMS, J.
 

 | Jfhe defendant, Therlow Noble, Jr., was charged by bill of information with aggravated arson, a violation of LSA-R.S. 14:51. Pursuant to a plea agreement, the defendant pled guilty to simple arson, a violation of LSA-R.S. 14:52, and the state agreed not to file an habitual offender bill. The district court sentenced defendant to serve
 
 *925
 
 15 years’ imprisonment at hard labor and denied his motion to reconsider sentence. Defendant appeals his sentence as excessive. For the following reasons, we affirm.
 

 DISCUSSION
 

 The record shows that in May 2008, the defendant purchased gasoline at a service station and went to the Windsor Inn, a motel located in Monroe, Louisiana. The defendant approached a vehicle that had been loaned to the victim, Edward Robinson. Defendant intentionally poured gasoline into the victim’s vehicle and ignited the fuel, setting the vehicle on fire. The flames then spread to another vehicle and to the building. The fire scorched the outside wall of the motel and both vehicles were damaged beyond repair. After being identified as the person who was at the scene of the fire, defendant was arrested and charged with aggravated arson. Pursuant to a plea bargain, defendant pled guilty to simple arson and the district court imposed the maximum sentence of 15 years’ imprisonment at hard labor. This appeal followed.
 

 The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that he should not have received the maximum sentence, which is reserved for the worst type of offenders, because he was provoked by his wife’s affair with the victim, who could not |2be located and apparently was not interested in the case.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App. 2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App. 2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). Aj^sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166.
 

 A trial court has broad discretion to sentence within the statutory limits. When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App. 2d Cir.12/13/06), 945 So.2d 267. Absent a showing of manifest abuse of that
 
 *926
 
 discretion, this court will not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939. The penalty for simple arson causing property damage of $500 or more is imprisonment at hard labor for not less than 2 years nor more than 15 years and a fine of up to $15,000. LSA-R.S. 14:52.
 

 Prior to imposing sentence, the district court reviewed a presentence investigation (PSI) report and recited the defendant’s criminal history, which included prior felony convictions for burglary and theft. The court noted that defendant was on parole when this crime was committed. The court considered the sentencing guidelines of Article 894.1, finding there was an undue risk that defendant would commit another offense if not incarcerated and that a lesser sentence would deprecate the seriousness of the crime. In addition, the court noted that defendant’s crime resulted in significant economic loss to the victims.
 

 Regarding the defendant’s personal history, the court was aware of | ^defendant’s age, that he had dropped out of high school and that he was a father of three children. The trial court stated that the defendant has never held consistent employment or accumulated any wealth; therefore, there was no indication he would ever be able to pay restitution to the victims. The court also pointed out that defendant had reduced his sentencing exposure through the state’s agreement not to file a multiple offender bill of information.
 

 The record demonstrates that the district court was cognizant of the appropriate factors in determining the defendant’s sentence. The court articulated adequate reasons for the imposition of this maximum sentence, which is neither grossly disproportionate to the severity of the offense committed nor an abuse of the court’s discretion. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
 

 We have examined the record for error patent and found none.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.