GASKINS, J.
 

 | jThe defendant, Billy Autry, appeals as excessive his sentence to 20 years at hard labor, with the first two years to be served without benefit of probation, parole, or suspension of sentence, following his guilty plea to possession of cocaine with intent to distribute. For the following reasons, we affirm the conviction and sentence.
 

 FACTS
 

 On October 12, 2008, the Minden Police Department received information that the defendant was at a motel in Minden, Louisiana, selling crack cocaine. The officers who responded to the call smelled marijuana coming from the defendant’s motel room. When the motel room door was opened, the officers asked the defendant to step outside. At that point, the officers saw a marijuana blunt in plain view on a table in the room. The defendant was placed under arrest. The officers found a small container in the defendant’s pocket which he stated contained crack cocaine. The defendant was also carrying $2,500 in cash.
 

 A female inside the motel room with the defendant told the police that she and the defendant had been in the room getting high on crack cocaine and that the defendant was her “dope man.” The money was seized and turned over to the district attorney’s office and the 19 rocks of crack cocaine found on the defendant, as well as the marijuana, were placed into evidence.
 

 On November 20, 2008, the defendant was charged by a bill of information with one count of possession of cocaine with intent to ^distribute. On February 23, 2009, the defendant pled guilty to the charge and the state agreed not to charge the defendant with felony possession of marijuana or to file a multiple offender bill. A presentence investigation report was ordered.
 

 The defendant appeared before the court for sentencing on May 11, 2009. During the sentencing hearing, the court considered the defendant’s extensive criminal history for drug-related offenses. The defendant had prior convictions in 2005 for
 
 *1070
 
 attempted possession of cocaine and in 2007 for possession of cocaine. The court also noted that the defendant’s pai’ole and probation had been revoked on different occasions because of repetitive offenses. The court considered that the defendant was currently unemployed, had finished the 12th grade in special education, and had one young child who was cared for by the child’s mother. The court noted that the defendant never served in the military and does not attend church regularly.
 

 Before sentencing the defendant, the court stated that it had taken into consideration the La. C. Cr. P. art. 894.1 sentencing factors, the defendant’s family history, prior offenses, and the fact that the defendant was considered a third felony offender. The defendant was sentenced to 20 years at hard labor, with the first two years to be served without benefit of probation, parole, or suspension of sentence. Credit was given for time served. A motion to reconsider the sentence for exces-siveness was filed on May 15, | ¾2009, and denied by the trial court on that date. The defendant then appealed the sentence as excessive.
 

 EXCESSIVE SENTENCE
 

 The defendant claims that his sentence is excessive because it is grossly out of proportion with the crime and the defendant would be better served by being placed in a rehabilitation clinic. The defense further argues that the trial court failed to give adequate consideration to several mitigating factors, including the fact that the defendant is only 29 years old, has a 2-year-old child, was a former special education student, and has an obvious drug problem. Finally, the defense contends that the court should have considered that the defendant has no prior convictions for crimes of violence, and that there is no evidence that he inflicted any physical harm or enduring psychological harm upon any victim, witness, or police officer in the commission of his crimes. This argument is without merit.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297.
 

 14The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. ai*t. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 00-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punish
 
 *1071
 
 ment ai’e viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
 

 The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not |sbe set aside as excessive in the absence of a manifest abuse of his discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. Thompson,
 
 2002-0333 (La.4/9/03), 842 So.2d 330. When the defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 2007-1394 (La.4/4/08), 978 So.2d 321.
 

 A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 State v. Williams, supra.
 

 In the present case, the defendant’s sentence is not excessive. The sentencing court stated that it considered La. C. Cr. P. art. 894.1. The trial court provided a factual basis for the sentence, including the defendant’s past convictions for drug-related offenses. Within a four-year period, the defendant committed and was prosecuted for three felony drug charges. Furthermore, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice. Not only did the defendant receive less than the maximum sentence for this offense, but he also received a significant reduction in | (¡potential exposure to confinement through his plea bargain agreement.
 
 [1]
 
 The sentencing court did not abuse its discretion in this case.
 

 CONCLUSION
 

 For the reasons stated above, the conviction and sentence of the defendant, Billy Autry, are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The maximum sentence of incarceration for this offense is 30 years at hard labor. La. R.S. 40:967.