BROWN, Chief Judge.
|!Indicted for simple rape, La. R.S. 14:43, a jury convicted defendant, Robert Gordon Jones, of sexual battery, La. R.S. 14:43.1. He was sentenced to eight years at *712 hard labor without benefit of probation, parole, or suspension of sentence. He appealed. We affirm.

Facts

On September 6, 2008, defendant arranged to meet up with the victim and her group of friends after hours at his parents’ bar, Delta Rhythms. When defendant arrived at Delta Rhythms the victim and her girlfriends were there with three guys whom they had met a few hours prior. Defendant unlocked the bar and let everyone enter.
Once inside, defendant began pouring drinks for everyone. In particular, defendant kept plying the victim with shots, even though she was underage and already intoxicated. At some point in the night the victim passed out. When the group decided to leave the bar the victim was still unconscious, so Corey Persons, one of the guys the victim met that night, carried her to her friend Laura’s car. The entire group then went to Laura’s apartment. The victim was still unconscious so Corey carried her to Laura’s bedroom and placed her in bed. At no time did the victim regain consciousness.
A couple of hours later Corey walked into Laura’s bedroom to retrieve something. Upon entering the room he observed defendant having sex with the victim while she was unconscious. Assuming that the victim and defendant were boyfriend and girlfriend, Corey left without saying anything. That night Corey called Laura and asked her about the ^relationship between the victim and defendant. When she told him that they were only friends, he informed her about what he had witnessed.
Laura drove the victim to St. Francis Hospital in Monroe to be checked out by a Sexual Assault Nurse Examiner. The nurse examined the victim and found an abrasion on her posterior fourchette and DNA from defendant’s sperm inside and outside of her vagina.
On December 18, 2008, defendant was charged by bill of indictment with simple rape. Trial by jury was held on July 8 and 9, 2009; afterward, defendant was found guilty of the lesser charge sexual battery. On November 16, 2009, the trial court sentenced defendant to eight years’ imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Defendant now appeals his conviction and sentence.

DISCUSSION

Defendant’s appellate counsel claims that the sentence imposed is excessive and violates Article 1 § 20 of the Louisiana Constitution. In his pro se brief, defendant claims that the evidence was not sufficient to convict. Because sufficiency of the evidence is a threshold issue, and reversal on this issue could result in a dismissal of the case, it will be discussed first.

Sufficiency of the Evidence

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential | .¡elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 448 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wilson, 45,060 (La.App.2d Cir.03/10/10), 32 So.3d 1152. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. Great deference is given to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685; State v. Hill, 42,025 (La.App.2d *713 Cir.05/09/07), 956 So.2d 758, writ denied, 07-1209 (La.12/14/07), 970 So.2d 529.
Defendant was indicted for simple rape, which carries a possible sentence of 25 years. During his jury trial, he did not testify or offer any other evidence than that presented by the' state. Defendant was convicted of the lesser and responsive charge of sexual battery, which is a violation of La. R.S. 14:43.1 and carries a possible sentence of 10 years.
La. R.S. 14:48 defines simple rape, in part, as follows:
A. Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:
(1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause and the offender knew or should have known of the victim’s incapacity.
La. R.S. 14:43.1 defines sexual battery and states, in pertinent part:
A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the | offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender.
In State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251 (La.1982), the supreme court stated:
... if the defendant does not enter an objection (at a time when the trial judge can correct the error), then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury.
Our review of the record finds that there was sufficient evidence for the trier of fact to determine that defendant had sex with an unconscious victim. Corey Persons testified that he observed defendant having sex with the victim while she was unconscious, and the sperm found inside and outside her vagina by the sexual assault nurse examiner was a DNA match to defendant. These facts established direct evidence sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of either the crime charged or the responsive verdict.

Excessive Sentence

Defendant argues that an eight-year sentence is excessive for a first time offender with health problems.
A trial court has broad discretion to sentence within the statutory limits. State v. Shirley, 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267, writ denied, 07-1394 (La.04/04/08), 978 So.2d 321; State v. Black, 28,100 [s(La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.01/28/04), 865 So.2d 280, writ denied, 04-0597 (La.09/24/04), 882 So.2d 1165.
The record reflects that prior to imposing sentence the trial court considered the *714 sentencing factors set forth in La. C. Cr. P. Art. 894.1. In particular, the trial court noted the multitude of mitigating factors, such as defendant’s health problems, employment, lack of a criminal history, and its belief that he was unlikely to commit such an act again. The trial court also noted, however, that defendant acted without provocation, caused severe emotional and actual harm to the victim, and that in its view his actions amounted to the higher charge of simple rape. Thus, the trial court reasoned, the jury showed defendant great leniency by finding him guilty of the lesser charge, as simple rape carries a term up to 25 years.
Considering the nature of defendant’s actions, and the lifelong impact that those actions are going to have on the victim, we do not find that the sentence imposed by the trial court is so grossly disproportionate to the severity of the offense so as to shock the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992).
| Conclusion
For the foregoing reasons, the conviction and sentence of defendant, Robert Gordon Jones, are affirmed.
AFFIRMED.