STEWART, J.
| ¡),The defendant, Ronnie Henderson, pled guilty as charged to simple burglary of an inhabited dwelling and was sentenced to 10 years at hard labor, the first year to be served without benefit of probation, parole, or suspension of sentence. He now appeals his sentence as excessive. We affirm.
FACTS
The defendant was charged by bill of information with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2, on September 20, 2012. On January 7, 2018, pursuant to a plea agreement, he pled guilty as charged with the sentence to be left to the trial judge’s discretion. The state agreed not to charge him as an habitual offender, even though this was his fourth felony offense. The trial judge explained that the charge carried a sentence of up to 12 years, with at least one year to be served without benefit of probation, parole, or suspension of sentence. The defendant indicated that he understood the nature of his plea, and upon being informed of his Boykin rights, he waived them.
According to the state, the victim hired the defendant to perform some yard work at her mother’s residence. The defendant asked to take a chainsaw that the victim had borrowed for him to use. The victim told him that he could not take the chainsaw or remove anything from the property. When the victim later returned to her mother’s residence, she found that the screen door was open. The chainsaw had been taken along with porcelain cups, glass cups and a matching ice pail, a blow dryer, some speakers, and other items. The authorities found the defendant and recovered most of the stolen items.
lsThe defendant admitted that these facts were substantially correct. After defense counsel indicated her belief that the defendant understood his rights and was making a knowing and intelligent waiver of them, the trial judge accepted his guilty plea.
The sentencing hearing took place on April 8, 2018, at which time the trial judge went over the presentence investigation report and the defendant’s extensive criminal history dating back to 1979. The trial judge noted that the defendant got his “first official felony” in Minden in 1995 when he pled to attempted simple burglary and was given a two-year hard-labor sentence. In 1999, he pled to felony theft and was sentenced to five years at hard labor. In 2003, he pled guilty to simple burglary and “got eight consecutive years” due to a parole violation. The trial judge noted that the defendant’s present plea was to his fourth felony offense and was “pretty much the same type of offense that you’ve been committing probably all your adult life.”
In reviewing the defendant’s social history, the trial judge noted that the defendant had experienced mental health issues, had been diagnosed as paranoid schizophrenic, and had begun receiving treatment in 1980. Noting that the defendant indicated he was in need of treatment, the trial judge guessed that the defendant had stopped taking his medication. Because the defendant was a fourth felony offend *301 er, the trial judge noted that probation was not available. The trial judge then sentenced the defendant to 10 years at hard labor, with one year without benefits, and with credit for time served.
|4The defendant filed a motion to reconsider sentence, asserting that the sentence was merely punitive and that he suffered from a mental illness. After the trial court denied the motion, the defendant’s appeal followed. The defendant argues that his sentence is unconstitutionally excessive.
DISCUSSION
Arguing that his sentence is excessive, the defendant points out that he was 52 years old at the time of the burglary, that he caused no damage to the home, that the items he took “had minimal value,” that he admitted his crime to the police, and that he accepted responsibility by pleading guilty. He asserts that none of his prior crimes involved violence against others and that he did not come into contact with anyone during the commission of the present offense. The defendant also argues that the trial judge did not give sufficient consideration to his long-term mental health issues and his current need for treatment. For these reasons, the defendant asserts that his 10-year sentence is nothing more than cruel and unusual punishment.
La. R.S. 14:62.2 provides that the penalty for simple burglary of an inhabited dwelling is imprisonment at hard labor for not less than one year, without benefit of parole, probation, or suspension of sentence, nor more than 12 years. The defendant’s sentence falls within the statutory range.
The test for reviewing an excessive sentence claim is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 958 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297, recon. denied, 2007-805 (La.8/29/08), 989 So.2d 87. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered include the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. I, § 20 if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant pleads guilty to an offense which does not adequately describe *302 his conduct, or receives a significant reduction in potential exposure to confinement through a plea bargain, the trial court has Ifigreat discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267, writ denied, 2007-1394 (La.4/4/08), 978 So.2d 321. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939. The record shows that the trial court gave adequate consideration to the factors set forth in La. C. Cr. P. art. 894.1.
With regard to the defendant’s mental illness, there was no indication that it played any role in his commission of the crime or influenced his decision to plead guilty. The defendant was a fourth felony offender who received a significant benefit in that the state agreed not to charge him as an habitual offender. As pointed out by the trial judge, the instant offense was “pretty much” the same type that the defendant had previously committed. Though at the upper range, the sentence was within the statutory limits. On this record, we find that the trial court did not abuse its great discretion and that the sentence does not shock the sense of justice.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.